# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH ALEX MARTIN, | : | CIVIL ACTION NO. **1:CV-14-0377** |
| Plaintiff | : | (Chief Judge Conner) |
| v. | : | (Magistrate Judge Blewitt) |
| COVERGENT OUTSOURCING, INC., | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

**I.     Background.**

On February 28, 2014, Plaintiff Joseph Alex Martin, filed this action, *pro se*, pursuant to the Fair Debt Collection Practices Act ("FDCPA"),[1] 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* (Doc. 1). Plaintiff resides in Carlisle, Cumberland County, Pennsylvania. Plaintiff also filed a Motion for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff names as his sole Defendant Covergent Outsourcing, Inc., which he states is a Washington corporation with a business address in Renton, Washington. Jurisdiction of this Court over this action is based on 28 U.S.C. § 1331.

To date, the Court has not ruled on Plaintiff's Motion for Leave to Proceed *in forma pauperis* and Defendant has not been served.

Plaintiff alleges that Defendant received a copy of his credit report on February 28, 2013, from Trans Union, and failed to send him any notice as required by the FDCPA and the FRCA.

---

[1] We note that Plaintiff Joseph Alex Martin filed a prior action, *pro se*, with this Court pursuant to the Fair Debt Collection Practices Act. *See Martin v. United Recovery Systems, LP*, Civil No. 07-1120, M.D. Pa.

Plaintiff avers that on August 3, 2013, he received an e-mail advising him that a new entry was placed on his credit report by Defendant, and that he faxed a letter to Defendant's representative demanding Defendant notify him about the debt as required by the FDCPA and about the placement of adverse credit information on his credit report as required by the FCRA. Plaintiff avers that despite his demand, he was not provided with any information from Defendant about the contents of the data Defendant was reporting to the credit agency.

Plaintiff then states that on January 4, 2014, Defendant obtained a copy of his credit report from Experian even though Defendant was prohibited by the FDCPA from conducting any further collection activity after he faxed his August 3, 2013 letter to Defendant.

Plaintiff states that on February 8, 2014, Defendant obtained a second copy of his credit report from Experian even though Defendant was prohibited by the FDCPA from conducting any further collection activity after he faxed his August 3, 2013 letter to Defendant. Thus, Plaintiff states that Defendant obtained two copies of his credit report for an impermissible purpose, and that he did not receive any of the notices from Defendant required under the FDCPA and the FCRA.

As relief, Plaintiff seeks damages against Defendant in the amount of $1000 for the alleged violation of the FDCPA and, $2000 for the alleged violation of the FCRA, *i.e.*, $1000 for each of the two alleged instances in which Defendant impermissibly obtained a copy of his credit report. Plaintiff also requests a jury trial.

II. **Screening Plaintiff 's Complaint.**

Since Plaintiff filed an *in forma pauperis* Motion, we can screen his Complaint. Thus, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he is not an inmate

complaining about prison conditions. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.), "Section 1915(e)(as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)."

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
> 
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal - -
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
> 
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an

>action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

See also *Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

**III.    Discussion.**

The FDCPA allows a Plaintiff to recover statutory damages up to $1,000. *See* § 1692k(a). *Saunders v. Berks Credit & Coll., Inc.*, 2002 WL 1497374, * 11 (E.D. Pa. 2002); *F.T.C. v. Check Investors, Inc.* 2007 WL 2505589, *5 (3d Cir. 2007).

The Court in *F.T.C. v. Check Investors, Inc.*, 2007 WL 2505589, *4, stated:

>"The FDCPA was enacted in 1977 as an amendment to the Consumer Credit Protection Act 'to protect consumers from a host of unfair, harassing, and deceptive collection practices without imposing unnecessary

4

restrictions on ethical debt collectors.'" *Staub v. Harris*, 626 F.2d 275, 276-77 (3d Cir.1980) (quoting Consumer Credit Protection Act, S.Rep. No. 95-382, at 1-2 (1977), reprinted in 1977 U.S.C.C.A.N. 1695, 1696). "The primary goal of the FDCPA is to protect consumers from abusive, deceptive, and unfair debt collection practices, including threats of violence, use of obscene language, certain contacts with acquaintances of the consumer, late night phone calls, and simulated legal process." *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1324 (7th Cir.1997) (citation omitted). "A basic tenet of the Act is that all consumers, even those who have mismanaged their financial affairs resulting in default on their debt, deserve the right to be treated in a reasonable and civil manner." *Id.* (citation omitted).

The Court in *F.T.C. v. Check Investors, Inc.*, 2007 WL 2505589, *5, also stated:

"In the most general terms, the FDCPA prohibits a debt collector from using certain enumerated collection methods ... to collect a 'debt' from a consumer. *Bass*, 111 F.3d at 1324. The FDCPA prohibits debt collectors from, *inter alia*, engaging in any conduct "the natural consequence of which is to harass, oppress, or abuse any person," 15 U.S.C. § 1692d; from using "any false, deceptive, or misleading representations or means in connection with the collection of any debt," 15 U.S.C. § 1692e; or from using unfair or unconscionable means to collect or attempt to collect any debt," 15 U.S.C. § 1692f.

Within each broad category of prohibited conduct, the FDCPA includes examples of specific practices that are prohibited. Those prohibited practices could have been modeled on the various tactics Check Investors employed to collect the NSF checks it purchased. For example, the prohibition on harassing, oppressive or abusive practices precludes a debt collector from using abusive language, 15 U.S.C. § 1692d(2), or from repeatedly calling a consumer, 15 U.S.C. § 1692d(3). The prohibition on false, deceptive or misleading representations precludes a debt collector from falsely representing that a dunning letter was sent by an attorney, 15 U.S.C. § 1692e(3), from falsely representing that nonpayment will result in arrest or imprisonment, 15 U.S.C. § 1692e(4), or that a consumer committed a crime, 15 U.S.C. § 1692e(7). The prohibition on unfair or unconscionable practices precludes a debt collector from adding any charge to the underlying debt unless that charge is authorized by

law or the agreement creating the debt. 15 U.S.C. § 1692f(1).

The FDCPA allows consumers to sue an offending creditor for actual damages, attorney's fees and costs, as well as statutory damages up to $1,000. 15 U.S.C. § 1692k(a).

The Court in *Agosta v. InoVision, Inc.*, 2003 WL 23009357, * 6 (E.D. Pa. 2003), stated:

> The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., provides a remedy for consumers who have been subjected to abusive, deceptive, or unfair debt collection practices by debt collectors. *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 400(3dCir.2000)(*citing Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1167 (3d Cir. 1987). In achieving this purpose, the FDCPA requires that the prohibited practices are used in an attempt to collect a "debt." 15 U.S.C. §§ 1692e-f.

The FDCPA generally applies only to debt collectors and not to creditors. *Kibbie v. BP/Citibank*, 2009 WL 2950365, *5-*6 (M.D. Pa. Sept. 9, 2009)(citations omitted). Also, the FDCPA does not apply to a business collecting a debt on its own behalf. *Id.*(citations omitted).

In his Complaint, Plaintiff fails to state if Defendant is a debt collector as defined in the FDCPA and if Defendant was trying to collect a debt in a name other than its own. Plaintiff also fails to specify under which sections of the FDCPA he raises claims against Defendant. Plaintiff only generally cites to the FDCPA in his Complaint.

Additionally, insofar as Plaintiff is raising claims under the FCRA, Plaintiff fails to state a private right of action under the FCRA. Plaintiff also fails to specify under which sections of the FCRA he raises claims against Defendant. Plaintiff only generally cites to the FCRA in his Complaint.

In *Gelman v. State Farm Mut. Auto. Ins. Co.*, 583 F.3d 187, 191 (3d Cir. 2009), the Third Circuit Court stated:

> "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 2205, 167 L.Ed.2d 1045 (2007). In doing so, Congress sought to preserve the consumer's privacy in the information maintained by consumer reporting agencies. *Cole v. U.S. Capital, Inc.*, 389 F.3d 719, 725 (7th Cir.2004). A "consumer reporting agency" is defined as: "any person which, for monetary fees, dues, or a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. §1681a(f).

(Footnote 5 omitted).

> The Court in *Gelman*, 583 F.3d at 192, also stated:
>
> Congress gave the Federal Trade Commission ("FTC") primary responsibility for governmental enforcement of the FCRA. 15 U.S.C. §1681s. However, the FCRA also creates a private cause of action. See 15 U.S.C. §§ 1681n-o. Sections 1681n and 1681o establish civil liability for willful and negligent noncompliance with §1681. It allows recovery of actual damages, 15 U.S.C. § 1618o, as well as statutory and punitive damages if a violation is "willful." 15 U.S.C. § 1681n.FN8
>
>> FN8. "Willful" violations include reckless disregard of any requirement of the FCRA. *See Safeco Ins. Co. of America v. Burr, supra.*

Sections 1681n and 1681o of the FCRA provide that "[a]ggrieved individuals can seek redress for damages resulting from both 'willful' and 'negligent' noncompliance with that statute." *Gagliardi v. Equifax Information Services, LLC*, 2011 WL 337331, *7 (W.D. Pa. Feb. 3, 2011). Under §1681n, willful noncompliance with any requirement imposed under the FCRA can result in liability for actual damages and punitive damages. Under §1681o, negligent

7

noncompliance with the substantive provisions of the FCRA can result in liability only for actual damages. *Id.* at *14. Thus, §1681n and §1681o are merely remedy provisions of the FCRA and are not substantive provisions.

"The FCRA imposes civil liability upon a person who wilfully obtains a consumer report for a purpose that is not authorized by the FCRA." *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011). The FCRA "expressly permits distribution of a consumer report to an entity that 'intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, *or review or collection of an account of, the consumer.*'" *Id.* (emphasis original).

The law is clear that "subsections (a) and (e) of §1681s-2 [of the FRCA] create no private right of action." *Schroeder v. Verizon Pennsylvania, Inc.*, 2011 WL 2651107, *2 n. 2 (M.D. Pa. June 16, 2011) adopted by 2011 WL 2650721 (M.D. Pa. July 6, 2011)(citing *Huertas v. Galaxy Asset Management*, 641 F.3d 28, 34 (3d Cir. 2011)("[Plaintiff] cannot base his claim on 15 U.S.C. §1681s-2(a)(1)(A), because no private right of action exists under that provision.")); *Kibbie v. BP/Citibank*, 2009 WL 2950365, *6 (M.D. Pa. Sept. 9, 2009).

A private right of action exists under §1681s-2(b) of the FCRA. *See Kibbie v. BP/Citibank*, 2009 WL 2950365, *7; *Schroeder v. Verizon Pennsylvania, Inc.*, 2011 WL 2651107, *2 n. 2; *Shap v. Capital One Financial Corp.*, 2012 WL 1080127, *2 (E.D. Pa. March 30, 2012)("An individual may assert a private cause of action for violations of §1681s-2(b) ... ."); *Simmsparris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). Thus, Plaintiff can raise claims under §1681s-2(b) against Defendant. However, insofar as Plaintiff is construed as

raising claims against Defendant under §1681s-2(b) in his Complaint, he fails to state such claims properly. Plaintiff does not state if Defendant is a credit furnisher. A credit furnisher's duties under §1681s-2(b) arise only after it receives a notice from a Credit Reporting Agency ("CRA") with respect to a disputed account. *See Simmsparris v. Countrywide Fin. Corp.*, 652 F.3d at 359 ("[A] private citizen wishing to bring an action against a furnisher must first file a dispute with the consumer reporting agency, which then must notify the furnisher of information that a dispute exists. Only after this notification can the furnisher face any liability to a private individual.").

"A furnisher of information is under no duty to conduct an investigation regarding a disputed entry on a consumer's credit report pursuant to §1681s-2(b) until the furnisher receives notice of the dispute from a consumer reporting agency." *Schroeder v. Verizon Pennsylvania, Inc.*, 2011 WL 2651107, *7(citations omitted). Further, "[a]fter being notified of a dispute by a consumer reporting agency, a furnisher must 'conduct an investigation with respect to the disputed information.'" *Id.*(citation omitted). The furnisher must conduct a "reasonable investigation" of its records "to determine whether the disputed information can be verified." *Id.*(citation omitted). "Absent allegations of fraud, identity theft, or other issues not identifiable from the face of its records, the furnisher need not do more than verify that the reported information is consistent with the information in its records." *Id.*(citations omitted).

We find that Plaintiff's Complaint fails to properly state claims against Defendant under §1681s-2(b) since Plaintiff has not alleged any of the above elements. We find that

Plaintiff's Complaint is devoid of factual allegations from which the Court could infer that an actual violation of the FCRA has occurred.

As such, we will issue an Order directing Plaintiff to file an Amended Complaint by March 31, 2014.

*Pro se* parties are accorded substantial deference and liberality in federal court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.

Under even the most liberal construction, Plaintiff's Complaint is in clear violation of Rule 8. It does not give Defendant fair notice of what Plaintiff's claims against it are and the grounds upon which her claims rest. Even taking into account the fact that Plaintiff is proceeding *pro se*, her Complaint is still not in conformity with Rule 8 of the Federal Rules of Civil Procedure. It certainly does not set forth in brief, concise, and understandable terms the conduct of Defendant about which Plaintiff is complaining.

Accordingly, Plaintiff will be directed to file an amended complaint. Plaintiff is also reminded that his "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Additionally, it must establish the existence of actions by the Defendant which have resulted in violations of

the FDCPA and the FCRA as discussed above. Plaintiff's amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure.  See, Fed.R.Civ.P. 8(e)(1).

If Plaintiff fails, within the applicable time period, to file his amended complaint adhering to the standards set forth above, it will be recommended that his action be dismissed.

**THOMAS M. BLEWITT**
**United States Magistrate Judge**

Dated: March 5 , 2014